**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **WANDA I. MEDINA-DELGADO** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **V.** | ) | **Civil No. 3:19-cv-00582** |
| | ) | **Judge Campbell/Frensley** |
| **DAL GLOBAL SERVICES, INC.** | ) | **Magistrate Frensley** |
| **Defendant.** | ) | |

**REPORT AND RECOMMENDATION**

Pending before the Court is a Motion to Dismiss filed by Defendant, DAL Global Services, Inc. ("DGS")(Docket No. 8) and supporting memorandum of law (Docket No. 8-1). The pro se Plaintiff has not responded to the motion. For the reasons set forth herein, the undersigned recommends that the motion be GRANTED, and this matter be dismissed with prejudice.

**BACKGROUND**

This is an employment discrimination action. The Plaintiff alleges that her employment was terminated after she sought to return to work following an injury. Docket No. 1. She contends that her direct supervisor refused to let her return to work unless her doctor identified some form of limitation. *Id.* She believes that she was subject to discrimination on the basis of her age. The facts alleged might also support an inference of discrimination on the basis of disability or a perceived disability under the Americans with Disabilities Act of 2008 ("ADA"). *Id.* She alleges the discrimination took place in February 2018. *Id.*

The Plaintiff attached to her Complaint a letter from the Equal Employment Opportunity Commission ("EEOC") indicating that she signed her charge of discrimination on April 10, 2019. *Id.* at p. 8. The letter indicates that her last date of employment with DGS was March 19, 2018. *Id.*

The EEOC further stated that for her charge to have been timely she would have had to file the charge no later than January 13, 2019. *Id.*

The Defendant argues under Federal Rules of Civil Procedure 12(b)(6), Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief can be granted. Docket No. 8. They contend that under Title VII and the ADEA, an individual in Tennessee has 300 calendar days after the alleged discriminatory conduct to file her charge with the EEOC. Docket No. 8-1, p. 3. Accepting the facts in the Complaint as true, that the alleged discriminatory acts which support her claims occurred in February 2018 and that she was terminated on March 19, 2018, her charge to the EEOC on April 10, 2019 was untimely. *Id.* Because she failed to make a timely charge, her claims are time barred and should be dismissed. *Id.*

## ANALYSIS

### A. Legal Standard

Fed. R. Civ. P. 12(b)(6) provides that a complaint may be dismissed if it fails to state a claim upon which relief can be granted. The purpose of this rule is to permit a defendant to test whether, as a matter of law, the plaintiff is entitled to relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the complaint which would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In order to preclude dismissal under Fed. R. Civ. P. 12(b)(6), a complaint must contain either direct or inferential allegations which comprise all of the essential, material elements necessary to sustain a claim for relief under some viable legal theory. *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 406 (6th Cir. 1998).

The Court is required to construe the complaint in the light most favorable to the plaintiff

and to accept all well-pleaded allegations of fact as being true. *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989). Despite the Court's responsibility to liberally construe the complaint in the plaintiff's favor, "more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Accordingly, the Court does not have to accept as true mere legal conclusions and unwarranted inferences of fact. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

Finally, while pro se complaints are to be construed liberally (*Haines v. Kerner*, 404 U.S. 519, 520 (1972)), that liberality does not allow a court to conjure up unpled facts. *McFadden v. Lucas*, 713 F.2d 143, 147 n.4 (5th Cir. 1983); *Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir. 1977), *cert. denied*, 434 U.S. 1077 (1978).

**B. The Case at Bar**

Prior to filing an action in federal court, an individual alleging discrimination under Title VII, the ADEA, or the ADA must file a charge of discrimination with the EEOC. 29 U. S. C. § 626; 42 U. S. C. § 2000e-5(e), *Hoover v. Timken Co.*, 30 F. App'x 511, 513 (6th Cir. 2002). That charge must be filed within 180 days after the alleged discriminatory conduct. *Id.* Some states, such as Tennessee, have created state or local agencies to enforce the laws prohibiting discrimination and, in those states, individuals are allowed 300 calendar days within which to file a charge. *Id. National Railroad Passenger Corp. v. Morgan*, 536 U. S. 101, 109 (2002); *Clemmons v. Metro Government of Nashville*, 664 F. Appx. 544, 546 (6th Cir. 2016). The limitations period begins to run when an employer makes and communicates an adverse decision to an employee and the employee is aware of or reasonably should be aware of the employer's decision. *Block v. Meharry Medical College*, 723 F. Appx. 273, 277 (6th Cir. 2018)(citations omitted).

The undisputed record establishes the conduct Plaintiff contends is discriminatory occurred in February 2018. Docket No. 1. It is further undisputed that Plaintiff's employment with DGS terminated on March 19, 2018. *Id.* Plaintiff filed her charge with the EEOC on April 10, 2019. Docket No. 1, p. 8. The EEOC determined that Plaintiff's charge was untimely. *Id.* The Plaintiff has made no argument to support equitable tolling or other relief that might excuse the late filed charge. As the EEOC notes, Plaintiff would have had to file her charge no later than January 13, 2019 for it to be effective. *Id.*

Because Plaintiff failed to file her charge with the EEOC within 300 days of the complained of activity, her EEOC charge was untimely and thus any claim she asserts under Title VII, the ADEA and the ADA are time barred. For these reasons, the undersigned recommends that the Defendant's Motion to Dismiss (Docket No. 8) be GRANTED and that Plaintiff's action be dismissed with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**JEFFERY S. FRENSLEY**
**U. S. Magistrate Judge**